UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 20-cr-260-01 |
| -vs- | JUDGE DRELL |
| ROBERT TYRONE ADAMS (01) | MAGISTRATE JUDGE PEREZ-MONTES |

RULING & ORDER

Before the court is Robert Tyrone Adams' ("Adams") motion for compassionate release (Doc. 53). The matter has been fully briefed by both parties and is ripe for consideration. For the following reasons, the motion is DENIED.

I. Background

On November 6, 2020, Robert Tyrone Adams ("Adams") was arrested on a Complaint based upon facts established during an undercover investigation into narcotics trafficking. (Docs. 1-3). Subsequently, Adams was indicted by a grand jury on one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§841(a)(1) & (b)(1)(A)(viii) and one count of possession with intent to distribute marijuana in violation of 21 U.S.C. §§841(a)(1) & (b)(1)(D). (Doc. 9).

Adams reached an agreement with the Government, and on February 9, 2021, he entered a plea of guilty to Count 1, possession with intent to distribute 50 grams or more of methamphetamine pursuant to 21 U.S.C. § 841(a)(1) & (b)(1)(A)(viii). (Doc. 34). On November 19, 2021, Adams was sentenced to serve a term of 80 months imprisonment with credit for time served. (Docs. 46, 51).

Adams has now filed the current motion seeking compassionate release alleging that extraordinary and compelling circumstances warrant his early release.

II.   Law and Analysis

A court may reduce a term of imprisonment upon finding "extraordinary and compelling" circumstances and in consideration of the factors set forth in 18 U.S.C. § 3553(a). <u>United States v. Thompson</u>, 948 F.3d 431, 433 (5th Cir. 2021); 18 U.S.C. § 3553(c)(1)(A). Upon motion of the BOP director or the defendant made pursuant to § 3582(c)(1)(A), "the court may reduce a term of imprisonment…if, after considering the factors set forth in 18 U.S.C. § 3553(a), …the court determines that extraordinary and compelling reasons warrant the reduction; or the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison…." U.S.S.G § 1B1.13(a)(1). The defendant must also not present a danger to any other person or the community. U.S.S.G § 1B1.13(a)(2). "Extraordinary and compelling reasons" that may justify reducing a prison term include certain medical conditions, age, family circumstances, status as a victim of abuse while in custody, "other reasons," and/or an unusually long sentences under certain circumstances. U.S.S.G § 1B1.13(b).

A.   Victim of abuse

Adams contends that he should be released because the Bureau of Prisons ("BOP") has failed to protect him from an assault by a fellow inmate when he reported to FCI- Memphis in September 2022. As explained by the Government in its response to this motion, BOP's alleged failure to protect him does not constitute an extraordinary and compelling reason under the compassionate release statute. The extraordinary and compelling reason listed in USSG 1B1.13(4)(B) applies to a person in custody that was a victim of "physical abuse resulting in 'serious bodily injury' …that was committed by, or at the direction of a correctional officer,

2

employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant." Further, the aforementioned abuse "must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed, or the defendant is in imminent danger." (Id.) Adams allegations do not meet these criteria as his attacker was a fellow inmate. Further, because he has been separated from that inmate, he is not in any imminent danger. Accordingly, no extraordinary or compelling circumstances pertaining to abuse warrant his early release.

B. Medical circumstances of the defendant

A medical condition may be sufficiently serious to warrant release. When the defendant has either a terminal illness; suffers from a serious physical or medical condition; suffers from a serious functional or cognitive impairment; or experiences deteriorating physical or mental health because of the aging process *"that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"* it is considered an extraordinary and compelling reason. U.S.S.G § 1B1.13(A) and (B) (Emphasis added). Another extraordinary or compelling reason includes the fact a defendant suffers from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of a serious deterioration in health or death. U.S.S.G. §1B1.13(C). None of the aforementioned apply to Adams.

Adams asserts he suffers from serious medical conditions, namely: hypertension, obesity, diabetes millitus, neuropathy, and congestive heart failure. Record evidence shows that all of his conditions are manageable, and that Adams has the capacity to care for himself. Nevertheless, he chooses, more often than not, to skip or refuse medical care for the very conditions he contends

3

are resulting in his declining health. Adams further contends that because the facility in which he is housed is frequently on lockdown, he is not being given access to medical care for his diabetic wounds. Other than his statement, there is nothing in the record to support his contention. Again, the medical records indicate that sick call was available to him, but he only took advantage of it when he desired.

Because the evidence indicates that Adams' purported deteriorating health is likely caused by the fact he is aging and has chronic medical conditions to which he is frequently apathetic, and because there is no evidence that he cannot care for himself, we do not find that Adam's medical condition constitutes an extraordinary and compelling reason for his compassionate release.

C. Family circumstances

Adams also argues that he should be afforded compassionate release so he can care for his aging mother and disabled sibling. While Adams alleges that "[h]e is the only available family who can step up and become the primary caregiver for his mother and sister," he has not established that he is the "only caregiver." In fact Adams fails to establish that his mother and/or sister are unable to care for themselves, only that it is more difficult with the loss of his nephew. Without more, no extraordinary or compelling reasons to allow for his release due to family circumstances.

D. Denial of recommendations made at sentencing

Adams also argues that the BOP's failure to adhere to the undersigned's recommendation that he be placed in a medical facility and Residential Drug Abuse Program ("RDAP") should qualify as extraordinary and compelling reasons for his release. We disagree.

As explained at the time of sentencing, these were only recommendations made to BOP. They are not orders. BOP has many factors that it must consider when housing prisoners and the court does not have the authority to involve itself in those decisions. Further, RDAP is a program

offered to inmates closer to the end of their sentence. In November 2021, Adams was sentenced to serve an 80-month sentence. He is nowhere near the end of that service; thus, he should not be discouraged that he was not accepted into the program at this time.

E. 18 U.S.C § 3553(a) factors

Finally, having sentenced Adams, the court is familiar with the § 3553(a) factors as they apply to Adams. Nothing presented here causes the undersigned to reconsider their application to Adams, and nothing warrants his early release.

III. Conclusion

As Adams has failed to establish any extraordinary or compelling circumstances warranting his compassionate release, it is

ORDERED that the motion for compassionate release (Doc. 53) is DENIED.

THUS DONE AND SIGNED at Alexandria, Louisiana this 31st day of January 2025.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT